IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS RUIZ, #086219,
      Plaintiff,

vs.                              Case No.:  3:12cv443/LAC/EMT

J.M. GAYNOR, et al.,
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

      Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  Leave to proceed in forma pauperis has been granted (doc. 4).

      Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

      Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 3–4).[1]  Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4).  Question C continues, "If YES, describe each action in the space provided below.  If more than one

_____

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

action, describe all additional cases on a separate piece of paper, using the same format as below."
(*id.*).  Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as
frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case
so dismissed" (*id.*).  Where there is a parenthetical area to mark either a "yes" or "no" answer to both
of these questions, Plaintiff marked "yes" (*id.*).  Plaintiff then disclosed the following cases:

> (1)  Case No. 2011-CA-001303, filed in the Circuit Court in and for Leon County,
> Florida in May of 2011;
>
> (2)  Case No. 3:12cv240/MCR/EMT, filed in this federal court;
>
> (3)  Case No. 3:12cv404/MCR/CJK, filed in this federal court;
>
> (4)  Case No. 3:12cv405/LAC/CJK, filed in this federal court;
>
> (5)  Case No. 3:12cv427/MCR/CJK, filed in this federal court;
>
> (6)  Osterback v. Singletary, a class action lawsuit;[2]
>
> (7)  a class action lawsuit filed in 1990, in which Plaintiff was represented by Diane
> Weiner, and
>
> (8) another lawsuit filed in or around 1990, possibly styled Ruiz v. Dugger.

(doc. 1 at 4–5).  Plaintiff thus stated that at the time he filed the instant case, he had <u>not</u> initiated any
actions in either state or federal court that related to the fact or manner of his incarceration or the
conditions of his confinement, and he had <u>not ever</u> had any action in **federal court** dismissed as
frivolous, malicious, failing to state a claim, or prior to service, except those cases he identified.  At
the end of the civil rights complaint form, Plaintiff signed his name after the following statement on
the form:  "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND
CORRECT.**" (*id.* at 14).

---

[2] Osterback was filed in the federal district court for the Southern District of Florida, Case No. 1:97cv2806-DLG
and subsequently transferred to the Middle District (*see* Doc. 655) and assigned Case No. 3:04cv210-HLA/JRK.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, September 12, 2012 (*see* doc. 1 at 14), he had previously filed <u>Ruiz v. Several Correctional Officers,</u> Case No. 3:11cv292/MCR/EMT in this federal court.[3]  Plaintiff was incarcerated at the time he filed Case No. 3:11cv292/MCR/EMT, and the action related to the conditions of his confinement.[4]  The case was dismissed on December 29, 2011, prior to service.  *See* <u>Ruiz v. Several Correctional Officers,</u> Case No. 3:11cv292/MCR/EMT, Order (N.D. Fla. Dec. 29, 2011).  Plaintiff did not list Case No. 3:11cv292/MCR/EMT in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to either of those questions.

Further, Plaintiff's reference to an objection he filed in Case No. 3:12cv405/LAC/CJK (*see* doc. 1 at 5), in which objection he referenced Case No. 3:11cv292/MCR/EMT, is not sufficient to satisfy the requirement that he disclose previously filed cases <u>on the complaint form</u>.  The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[5]  *See* <u>Spires v. Taylor</u>, Case No. 3:00cv249/RH, Order of Dismissal (N.D. Fla. Oct. 27, 2000).  The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another

---

[3] The inmate number of the plaintiff in Case No. 3:11cv292/MCR/EMT matches Plaintiff's.  That case was filed in June of 2011.  *See* <u>Ruiz v. Several Correctional Officers,</u> Case No. 3:11292/MCR/EMT, Complaint (N.D. Fla. June 20, 2011).

[4] In his initial pleading, Plaintiff alleged (1) officers at the institution where he was housed directed another inmate to assault him, (2) an officer threw him on an ant bed, resulting in hundreds of ant bites, (3) he was placed on close management status for no legitimate reason, and (4) these acts were done in retaliation for his filing lawsuits in state court.  *See* <u>Ruiz v. Several Correctional Officers,</u> Case No. 3:11cv292/MCR/EMT, Complaint (N.D. Fla. June 20, 2011).  Plaintiff claimed that his life was in danger and requested that the court appoint counsel "to represent and protect me."  *Id.*

[5] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." <u>Rivera v. Allin</u>, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff.  This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases on the complaint form itself (or an attachment thereto) and instead permitted to identify one case and refer the court to a document filed in that case to reveal other previously filed cases.

Moreover, Plaintiff filed a total of three cases in 1990, not just two as he stated on the complaint form, and he filed another case in 1989.  *See* Ruiz v. Thornton, Case No. 3:90cv763-WTH, Complaint, Doc. 1 (M.D. Fla. Sept. 11, 1989) (Plaintiff proceeded pro se against five officers at Florida State Prison (*see* Doc. 20, order directing service of process)); Ruiz v. Doe, Case No. 8:90cv817/RWN, Complaint, Doc. 1 (M.D. Fla. July 2, 1990) (Plaintiff proceeded pro se against a dentist at Polk Correctional Institution);  Ruiz v. Dugger, Case No. 3:90cv651/WTH, Complaint, Doc. 1 (M.D. Fla. July 20, 1990) (Plaintiff was represented by Attorney Diane Weiner in this suit against the Secretary of the Florida Department of Corrections and two officers at Florida State Prison (*see* Docs. 8, 9, orders directing service of process));  Carniello, et al. v. Dugger, Case No. 3:90cv711/HES, Complaint, Doc. 1 (M.D. Fla. Aug. 10, 1990) (Plaintiff was represented by attorney Diane Weiner in this class action against the Secretary of the Florida Department of Corrections and two officers at Florida State Prison).  Plaintiff was incarcerated in the Florida Department of Corrections when he filed all of those actions, and they all related to the fact or manner of his incarceration or the conditions of his confinement, as evidenced by the fact that he filed all of them under 42 U.S.C. § 1983 and named prison officials as defendants.  *See id.*  Plaintiff disclosed only the 1990 class action and one other case in Section IV of the instant complaint (*see* doc. 1 at 5).

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of

justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff knew he was required to list Case No. 3:11cv292/MCR/EMT on the complaint form, because he was expressly notified of such in Magistrate Judge Kahn's Report and Recommendation issued in Case No. 3:12cv405/LAC/CJK, which recommended dismissal of that case because Plaintiff failed to disclose Case No. 3:11cv292MCR/EMT and another case.  *See* Ruiz v. Shaner, et al., Case No. 3:12cv405/LAC/CJK, Report and Recommendation, Doc. 6 (N.D. Fla. Aug. 30, 2012).   At the time Plaintiff filed the complaint in the instant case, he was aware of Magistrate Judge Kahn's Report and Recommendation, as evidenced by the fact that he referenced his objection to it in the instant complaint (*see* doc. 1 at 5).  Further, Plaintiff knew that disclosure of Case No. 3:11cv292/MCR/EMT was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.[6]  Additionally, Plaintiff disclosed only two of the four cases he filed in 1989 and 1990.  If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[7]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[6] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3).

[7] Dismissal without prejudice is not too severe a sanction under these circumstances.  *See* Spires, No. 3:00cv249-RH, Order of Dismissal (N.D. Fla. Oct. 27, 2000).

Accordingly, it is **ORDERED**:

Plaintiff's "Motion to Correct Complaint filed on 9/12/12" (doc. 5) is **GRANTED**, and the court has considered the information provided therein.

And it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 18th day of September 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**